

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,053-01

### EX PARTE JOSEPH JAMES BISHOP, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 35385 IN THE 33RD DISTRICT COURT
### FROM BURNET COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to life imprisonment. The Third Court of Appeals affirmed his conviction. *Bishop v. State*, No. 03-10-00303-CR (Tex. App. – Austin, April 18, 2012, *pet ref'd.*).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel failed to investigate, failed to request findings of fact and conclusions of

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

law from the trial court regarding the motion to suppress evidence, failed to request a burden of proof instruction regarding extraneous offense evidence, and failed to request an instruction on the lesser included offense of possession of stolen property.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.


Filed:  October 1, 2014
Do not publish